UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
   PAUL BLACKWELL, et al.,              :
                                 Plaintiffs,  :
                                           :     14 Civ. 00603 (LGS)
             -against-             :
                                         :     OPINION AND
   ACTOR'S PLAYHOUSE, et al.,       :     ORDER
                         Defendants. :
:
------------------------------------------------------------:
                                         X

LORNA G. SCHOFIELD, District Judge:

On January 30, 2014, Plaintiffs Paul Blackwell, Tanya Landeta, Theo Ellis and Natalia Calder brought this action claiming violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), the New York Labor Law, §§ 190 and 196-d, *et seq*. ("NYLL"), and alleging unpaid minimum wages and unpaid credit card tips. Defendants Mark Capichana and The Brick Cellar were served and failed to respond to Plaintiffs' Complaint. On July 10, 2014, default judgment was entered against Defendants, and the matter was referred to Magistrate Judge Frank Maas for an inquest on damages. On April 4, 2016, Judge Maas issued his Report and Recommendation ("Report").

Plaintiffs Landeta, Ellis and Calder timely objected to the Report on three grounds: (1) the denial of unpaid tips wages; (2) the denial of liquidated damages for unpaid tip wages; and (3) the denial of prejudgment interest for unpaid tip wages. Having reviewed *de novo* the portions of the Report to which Plaintiffs objected, and having further reviewed the entirety of the Report, the Report is adopted.

## I.    BACKGROUND

The following facts are taken from the Report, Plaintiffs' affidavits, and the Complaint.

Defendant The Brick Cellar is a New York corporation, which operated a night club known as The Actor's Playhouse, located on Seventh Avenue South in Manhattan.  Defendant Mark Capichana owns and controls The Brick Cellar.  Around December 8, 2012, Capichana hired Plaintiff Paul Blackwell as a bartender for Actors Playhouse.  Blackwell worked three or four days a week for approximately eight hours each day he worked.  He received no wages or credit card tips during this time.  Blackwell expressed his concerns to Capichana but was discharged shortly after in August 2013.

In or around January 2013, Plaintiff Tanya Landeta was hired as a bartender for The Actor's Playhouse.  Landeta worked approximately twenty-five days and worked approximately eight-hour shifts each day.  Landeta did not receive the statutory minimum wage for her work, nor did she receive credit card gratuities.  Landeta separated from The Actor's Playhouse around April 2013.

Around December 2012, Plaintiff Theo Ellis was hired as a bartender at The Actor's Playhouse.  He worked approximately eight-hour shifts and worked approximately three or four days a week.  Ellis was not paid minimum wages or credit card gratuities.  He separated from The Actor's Playhouse in March 2013.

Around January 2013, Plaintiff Natalia Calder began working for The Actor's Playhouse. She worked approximately eight-hour shifts, two days per week.  Calder was not paid statutory minimum wage or credit card gratuities.  Calder separated from The Actor's Playhouse in April 2013.

On January 30, 2014, Plaintiffs filed suit alleging violations of the FLSA and NYLL regarding their minimum wage, credit card tips, and retaliation.  Because Defendants failed to respond to the complaint, default judgement was entered and the matter of damages was referred to Judge Frank Maas.  Judge Maas made the following findings in his Report:

2

- Blackwell is entitled to an award of minimum wages of $5,075; credit card tips of $5,207; liquidated damages comprised of both minimum wages and credit card tips of $10,282; prejudgment interest on the amount of credit card tips beginning April 20, 2013 at a rate of nine percent per annum; and retaliation damages of $26,666.66.

- Landeta is entitled to an award of minimum wages of $1,450 and liquidated damages of $1,450.

- Ellis is entitled to an award of minimum wages of $2,356.25 and liquidated damages of $2,356.25.

- Calder is entitled to an award of minimum wages of $1,972 and liquidated damages of $1,972.

Thus, although Blackwell was awarded damages based on unpaid credit card tips, the other plaintiffs were not.  Plaintiffs together were awarded reasonable attorneys' fees in the amount of $11,092.50 and $350 for costs.

On April 25, 2016, Plaintiffs Landeta, Ellis and Calder timely objected to the Report and specifically to the denial of credit card tips, and related liquidated damages and prejudgment interest.

## II.   LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  If any part of the report is objected to, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [the] objection is made."  28 U.S.C. § 636; *accord* Fed. R. Civ. P. 72(b)(3).  The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly

erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F.Supp.2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

Once liability is established and a default judgment is entered, a court must "determine the appropriate amount of damages, which involves two tasks: determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). A court need not hold an evidentiary hearing to determine damages, but is required to "take the necessary steps to establish damages with reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997); *Lucero Santana v. Latino Express Restaurants, Inc.*, No. 15-CV-4934, 2016 WL 4059250, at *3 (S.D.N.Y. July 28, 2016) (citation and internal quotations omitted). Under both the FLSA and NYLL, it is the employer's responsibility to maintain accurate records of wages for all employees. See 29 U.S.C. § 211(c); N.Y. Lab. Law § 661. Initially, an employee claiming unpaid wages has the burden of proving those unpaid wages. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded on other grounds by statute*, 29 U.S.C. § 254 (1970); *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011). Where an employer's records are inaccurate or inadequate, "it is possible for a plaintiff to meet this burden through estimates based on his own recollection," however, the employee must still present "sufficient evidence to show the amount and extent of the uncompensated work as a matter of just and reasonable inference." *Kuebel*, 643 F.3d at 361-62 (internal quotation marks and citation omitted). Once a plaintiff has met her burden, the burden shifts to the employer to prove by a preponderance of the evidence that the employee was properly compensated. *Id.*

4

### III.    DISCUSSION

The Report's recommendations denying unpaid tip wages and resultant denial of liquidated damages and prejudgment interest for Plaintiffs Landeta, Ellis and Calder are reviewed *de novo*.  The remainder of the Report's recommendations were not objected to, are not clearly erroneous or contrary to law and are therefore adopted.  For the reasons stated below, the Report's recommendations regarding the quantum of damages are adopted in full.

#### A.  Actual Damages Under FLSA and NYLL

##### 1.  Unpaid Minimum Wages

The Report recommends that the Court award as unpaid minimum wages the following: Blackwell $5,075 (700 hours x $7.25 per hour); Landeta $1,450 (200 hours x $7.25 per hour); Ellis $2,356.25 (325 hours x $ 7.25 per hour); and Calder $1,972 (272 hour x $7.25 per hour). Plaintiff does not object to these awards.  This recommendation is adopted as it is not clearly erroneous or contrary to law.

##### 2.  Unpaid Credit Card Tips

The Report recommends awarding Blackwell $5,207 in credit card tips for the period between January 13 and June 28, 2013 for which he kept contemporaneous handwritten notes, but awarding no credit card tips for December 2012 or July and August 2013, for which Blackwell provided no explanation.  The Report recommends not awarding Landeta, Ellis and Calder any amount for unpaid credit card tips because they failed to indicate how they arrived at the requested amounts of $2,500, $600, and $2,000, respectively.  Plaintiffs object to this recommendation.

Under New York Law, "[n]o employer . . . shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."  N.Y. Lab. Law § 196-d.  Gratuities are

considered part of a worker's wages under New York law.  *See* N.Y. Lab. Law § 651(7); *Azeez v. Ramaiah*, No. 14-CV-5623, 2015 WL 1637871, at *7 (S.D.N.Y. Apr. 9, 2015) (citation omitted) ("The NYLL . . . creates a cause of action for misappropriation of tips.").

Plaintiffs Landeta, Ellis and Calder produced nearly identical affidavits, save for the monetary amount, stating an amount of money in credit card gratuities that they believed they were owed.  For example, Ellis states

> For each night that I worked as a bartender, customers regularly paid credit card gratuities in return for my services and such credit card gratuities were regularly collected by Defendants.  Defendants continuously failed to pay me any credit card gratuities earned during the hours that I worked as a bartender throughout the entirety of my employment.  I am owed no less than $600.00 in credit card gratuities.

Plaintiffs argue that these statements are sufficient because employers, not employees, are required to keep records, and where employers have failed to maintain records, plaintiffs may rely on their own recollections.  Plaintiffs argue that they have met their burden by providing their own recollections through sworn testimony about the damages they suffered.  Plaintiffs misinterpret their burden.  Although a plaintiff *may* meet his burden through estimates based on his own recollection, a plaintiff is still required to present "sufficient evidence . . . as a matter of just and reasonable inference" of the damages that they suffered.  *Kuebel*, 643 F.3d at 362.  Here, Plaintiffs Landeta, Ellis and Calder have not described how they arrived at their respective estimates of unpaid tip wages; each merely stated the figure without further elaboration.  Because they have not provided sufficient evidence to draw a reasonable inference as of the amount of their unpaid tip damages, the Report's recommendation to deny these damages is adopted.

6

### B.  Liquidated Damages and Prejudgment Interest

Because Plaintiffs Landeta, Ellis and Calder are not entitled to unpaid tip wages in the amounts requested, they are not awarded the related liquidated damages or prejudgment interest. The Report's recommendations regarding the amount of liquidated damages and prejudgment interest to be awarded are adopted.

## IV.   CONCLUSION

For the reasons stated above, the Report's recommendations are ADOPTED.  In summary:

- Blackwell is awarded unpaid wages in the amount of $5,075, credit card tips in the amount of $5,207, prejudgment interest on the credit card tips from the date of April 20, 2013, at a rate of nine percent per annum on that amount, liquidated damages in the amount of $10,282, and retaliation damages in the amount of $26,666.66, for a total of $47,230.66 plus prejudgment interest at a rate of nine percent per annum on the sum of $5,207 from April 20, 2013, through the date judgment is entered;

- Landeta is awarded unpaid wages in the amount of $1,450 and liquidated damages in the amount of $1,450, for a total of $2,900;

- Ellis is awarded unpaid wages in the amount of $2,356.25 and liquidated damages in the amount of $2,356.25, for a total of $4,712.50;

- Calder is awarded unpaid wages in the amount of $1,972 and liquidated damages in the amount of $1,972, for a total of $3,944; and

- Plaintiffs are entitled to $11,092.50 in attorneys' fees and $350 in costs, for a total of $11,442.50.

This amounts to total damages for all Plaintiffs, including fees and costs of $70,229.66 plus prejudgment interest at a rate of nine percent per annum on the sum of $5,207 from April 20, 2013, through the date judgment is entered.  The Clerk of Court is directed to enter judgment in the foregoing amounts and close this case.

SO ORDERED

Dated:  September 22, 2016
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE